<table>
<tr><td>THE UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF COLORADO<br>901 19TH STREET<br>DENVER, COLORADO 80294</td><td rowspan="2"><br>▲COURT USE<br>ONLY▲</td></tr>
<tr><td>Plaintiffs:<br><br>DANIEL K. MILLER, L/CPL USMC (RET), PRO SE<br>ELIZABETH D. WILHOUR, PRO SE<br>SEAN M. WILHOUR, PRO SE<br>v.<br><br>Defendants:<br><br>ASSET LIVING, LLC<br>AMFP V Central Park LLC<br>SHANNA MARTINEZ</td></tr>
<tr><td>Party w/o Attorney:<br><br>Daniel K. Miller, L/Cpl USMC (RET), Pro Se<br>1950 Trenton Street #114,<br>Denver, CO 80220<br>Phone Number: 682-404-2412<br><br>E-mail: aar4ag@gmail.com<br><br>Elizabeth D. Wilhour, Pro Se<br>1950 Trenton Street<br>#114, Denver, CO<br>80220<br><br>Sean M. Wilhour, Pro Se<br>1950 Trenton Street #114,<br>Denver, CO 80220<br><br>EMAIL:seanbear817@gmail.com</td><td>Case No.:<br>1:24-cv-02687-NYW-TPO<br><br>Division:</td></tr>
<tr><td colspan="2">FIRST AMENDED COMPLAINT<br>OF SEVERE VIOLATIONS OF COLORADO'S WARRANTY OF HABITABILITY PURSUANT TO C.R.S. §§ 38-12-501 ET AL., LEASE AGREEMENTS, PROHIBITIONS AGAINST RETALIATION, AND THE COLORADO CARES ACT</td></tr>
</table>

**CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.LCivR 7.1(a) AND C.R.C.P. 121 §1-15(8)**

**Plaintiffs Daniel K. Miller, Elizabeth D. Wilhour, and Sean M. Wilhour certify that they conferred with counsel for Defendants Asset Living, LLC, Abacus Capital Group, and Shanna Martinez concerning this Motion. Defendants do not oppose the relief requested herein.**

## I. Introduction

**II. Plaintiffs, Daniel K. Miller, Elizabeth D. Wilhour, and Sean M. Wilhour bring this First Amended Complaint against Defendants Asset Living, LLC, AMFP V Central Park LLC, and Shanna Martinez for severe habitability violations, breach of contract, retaliatory conduct, and statutory violations under Colorado law. This amendment is filed pursuant to FRCP 15 and CRCP 15, in compliance with conferral requirements, and for the sole purpose of removing Abacus Capital Group as a defendant and substituting AMFP V Central Park LLC as the lawful owner of the Avantus Apartments.**

**III. The original complaint incorrectly listed Abacus Capital Group as the property owner when, in fact, AMFP V Central Park LLC is the actual owner. All allegations, claims, and relief sought remain unchanged from the original complaint.**

This complaint addresses severe habitability, safety, and health concerns experienced by Mr. Daniel K. Miller, L/Cpl USMC (RET), Elizabeth D. Wilhour, Sean M. Wilhour, Mr. Jason Haubenreiser and other plaintiffs while residing at Avants Apartments, which was mismanaged by Asset Living, LLC during which the period in question. Although Asset Living, LLC no longer manages the property, their gross and criminal negligence, alongside AMFP V CENTRAL PARK LLC failure to act, has caused significant and ongoing harm to the plaintiffs, which has not been remedied. The issues still persist to the present day, despite the new manager, Sarah Fleming, taking steps to address them. However, AMFP V Central Park LLC has failed to provide the necessary resources and support to address the deadly serious conditions at the property. The property remains in such poor condition that it continues to fail city inspections, and an administrative summons has been issued.

## II. Parties

1. Plaintiff: Daniel K. Miller, L/Cpl USMC (RET), Pro Se
- Address: 1950 Trenton Street #114, Denver, CO 80220
- Phone: 682-404-2412, E-mail: aar4ag@gmail.com

2. Plaintiff: Elizabeth D. Wilhour, Pro Se
- Address: 1950 Trenton Street #114, Denver, CO 80220

3. Plaintiff: Sean M. Wilhour, Pro Se
- Address:1950 Trenton Street #114, Denver, CO 80220

5. Defendant: Asset Living, LLC
- Address: 7600 E. Orchard Rd. #200N, Greenwood Village, CO 80111

7. Defendant: AMFP V Central Park LLC
- Address:1900 W Littleton Blvd, Littleton, CO 80120

8. Defendant: Shanna Martinez
- Address: 56303 E. 24th Pl., Strasburg, CO 80136
- Phone: 303-802-0247

## III. JURISDICTION AND VENUE

1. Jurisdiction: This Court has jurisdiction over this action pursuant to C.R.S. §§ 38-12-501 et seq., which governs the Warranty of Habitability and landlord-tenant relations. The claims arise under the laws of the State of Colorado, and the amount in controversy exceeds and complies with the jurisdictional threshold.

2. Venue: Venue is proper in this Court pursuant to C.R.C.P. Rule 98. The defendants conducted business within this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District. The property at issue is located at 8008 Montview Blvd., Denver, Colorado, 80220, within this District.

## IV. BACKGROUND FACTS

1. Acquisition and Mismanagement:

In January 2021, Asset Living, LLC, a real-estate management firm, and AMFP V Central Park LLC, a real estate owner, acquired and began mismanaging Avantus Apartments at 8008 Montview Blvd., Denver, Colorado.

2. Conditions Under Mismanagement:

During the period when Asset Living, LLC mismanaged the property, significant deterioration occurred. Plaintiffs, including Mr. Miller, experienced severe issues such as frequent leaks, mold growth, inadequate and non-existent heating, pest infestations, non-functional elevators, and extreme safety concerns such as shootouts, the presence of meth labs, gangs, chop¬ shops, and the tragic deaths of children on the property. Despite numerous complaints, these issues were not resolved, creating dangerous and uninhabitable conditions.

3. Retaliation and Intimidation:

After Mr. Miller, Ms. Wilhour, Mr. Wilhour, and other residents reported these issues, Asset Living, LLC, and its agents, including Shanna Martinez, engaged in retaliatory actions, such as filing illegal and unsubstantiated eviction notices (without pursuing a court hearing), withholding services, and creating a hostile living environment. Ms. Martinez went so far as to openly claim she was paying off officers and inspectors and that nothing would be done. These actions violated Colorado's laws prohibiting landlord retaliation.

4. Gross and Criminal Negligence:

The conditions at Avantus Apartments were so dire that they constitute gross and criminal negligence on the part of Asset Living, LLC, and AMFP V Central Park LLC. The failure to address repeated complaints about life-threatening conditions, including shootings and the operation of meth labs, demonstrates a complete disregard for the safety and well-being of the residents. Despite receiving multiple citations and final notices from the City of Denver, the defendants failed to take the necessary actions to correct the violations. CORA reports prove these claims.

5. AMFP V Central Park LLC Failure to Act:

AMFP V Central Park LLC, as the owner of the property, either knew or should have known about the deplorable conditions and the plaintiffs' repeated complaints. Despite this knowledge, **AMFP V Central Park LLC** did nothing to address these issues and has failed to provide Sarah Fleming, the current property manager, with the resources needed to remedy the situation. The ongoing neglect and lack of support from Abacus Capital continue to endanger the lives of the residents.

6. CORA Reports and City Citations:

CORA (Colorado Open Records Act) reports reveal multiple citations and final notices issued by the City of Denver against Avantus Apartments for violations related to health, safety, and habitability. These citations include multiple and repeated failures to address sewage backups, pest infestations, structural hazards, extreme safety and security concerns, and operating an open, notorious, and verified human health hazard of a property. Many departments including Police, Health inspectors, etc. were notified over and over, with nothing being done. SWAT has responded multipole times to the property; children have died; and the property remains a blight on an otherwise beautiful neighborhood. The property has consistently failed to pass city inspections, leading to an administrative summons being issued due to the ongoing violations.

## V. INCORPORATION AND CONSOLIDATION OF CLAIMS

1. Extreme Documentation Efforts and Retaliation:

Mr. Miller, Ms. Wilhour, Mr. Wilhour, and other plaintiffs were forced to go to extreme lengths to document, report, and follow up on the numerous habitability issues at Avantus Apartments. Despite their persistence, they faced ongoing retaliation from management, including illegal filings of eviction, harassment, and increased rent. Their efforts to hold Asset Living accountable included creating detailed records, photographs, and video documentation, which were necessary to expose the severity of neglect and mistreatment.

3. Mr. Miller's Experiences with Assault and ADA Violations:

Mr. Miller has also been a victim of the dangerous conditions fostered by the defendants' gross negligence. He was assaulted on multiple occasions and had to call the police numerous times due to the unsafe environment. Most recently, Mr. Miller also suffered a severe head injury in an unsafe and previously reported stairwell, which prompted him to file a claim with the property manager for violations of the Americans with Disabilities Act (ADA). The incident further underscores the defendants' failure to maintain a safe living environment, particularly for disabled tenants., especially after multiple, explicit, written notices, video evidence, etc. from plaintiffs and other tenants.

4. All Elevators Out of Service:

Under Shanna Martinez's mismanagement, there were periods when all elevators in the property were out of service. This caused extreme hardship for residents, especially those with disabilities. Plaintiffs, including Mr. Miller, Mr. Wilhour, and other plaintiffs were forced to assist neighbors by carrying children in wheelchairs up and down flights of stairs for many weeks. This situation

highlights the defendants' gross negligence in maintaining essential services, further endangering the lives and well-being of the tenants. This malicious conduct, particularly against disabled tenants., especially after multiple, explicit, written notices, video evidence, etc. from plaintiffs and other tenants constitutes gross and criminal negligence.

5. False Police Reports and Retaliatory Actions by Mismanagement:

In a further attempt to intimidate and retaliate against the plaintiffs, Shanna Martinez filed false police reports accusing them of stalking her and threatening to vandalize her vehicle. In reality, it was other tenants who vandalized management and leasing agent vehicles. Martinez reported these incidents to the police, and the actual perpetrators were apprehended. These false accusations demonstrate the extent of the retaliatory tactics used by the defendants against the plaintiffs.

## VI. GENERAL ALLEGATIONS

1. Severe Habitability Issues:

Asset Living, LLC failed to maintain the property in a habitable or safe condition during their mismanagement, leading to severe health and safety hazards. These issues have had a lasting impact on the plaintiffs' lives, health, safety, and well-being.

2. Gross and Criminal Negligence:

The defendants either negligently or maliciously allowed these hazardous conditions to persist, resulting in gross and criminal negligence. Their failure to address these issues, despite being fully aware of them, demonstrates a blatant disregard for the tenants' rights and well-being.

3. Breach of Contract:

The defendants breached the lease agreements by failing to provide habitable and living conditions, as required under Colorado law. These breaches have caused significant harm to the plaintiffs, including emotional distress, health issues, and financial losses. The Defendants also failed to abide by Colorado law and Denver Municipal Codes. The Defendants failed in their bare minimum duties consistently, without remorse, and to the detriment of some of the most underserved and underrepresented people in our community.

4. Ongoing Issues Despite New Management:

The issues at Avantus Apartments persist to the present day. Although the new manager, CODY is taking the concerns seriously, the property remains in such poor condition due to Asset Living's gross and criminal neglect that it continues to fail city inspections. Plaintiffs have been forced to endure inhumane conditions, such as all elevators being out of service simultaneously, trash overflowing and stacked as high as people festering for days and weeks in common areas, rampant crime and unchecked gang activity, etc.. Under Shanna Martinez's mismanagement, this failure led to neighbors, including the plaintiffs, being forced to carry children in wheelchairs up and down flights of stairs, highlighting the severity of the accessibility issues.

5. AMFP V Central Park LLC Continued Negligence:

**AMFP V Central Park LLC** has failed to provide CODY with the necessary resources and support to address the ongoing violations and to remedy the grossly negligent conditions created

under Asset Living's mismanagement. **AMFP V Central Park LLC** failure to act with the urgency required has allowed the dangerous conditions to persist, putting the lives of the plaintiffs and other tenants at continued risk.

## VII. SPECIFIC CLAIMS AND VIOLATIONS

1. Americans with Disabilities Act (ADA) Violations:

- Asset Living, LLC failed to provide reasonable accommodations for disabled residents, including Mr. Miller in violation of the ADA (42 U.S.C. § 12182(b)(2)(A)(ii)).

2. Fair Housing Amendments Act (FHAA) Violations:

- The defendants' actions constitute discrimination under the FHAA by failing to accommodate tenants with disabilities (42 U.S.C. § 3604(f)(3)(B)).

3. Colorado Consumer Protection Act (CCPA) Violations:

- The defendants engaged in unfair and deceptive trade practices by misrepresenting the condition of the apartments and failing to make necessary repairs (Colo. Rev. Stat. § 6-1-101 et seq.).

4. Colorado Anti-Discrimination Act (CADA) Violations:

- The defendants failed to provide reasonable accommodation as required under CADA (Colo. Rev. Stat. § 24-34-502.2).

5. Denver Municipal Code Violations:

- The defendants violated provisions of the Denver Municipal Code regarding health, safety, and habitability, including Denver Revised Municipal Code § 27-32 (Maintenance of habitable conditions) and§ 27-53 (Health and safety requirements).

6. Breach of Warranty of Habitability (C.R.S. §§ 38-12-501 et seq.):

- The defendants failed to maintain the property in a habitable condition, as required under Colorado law. This failure is particularly egregious considering the ongoing violations and the issuance of an administrative summons due to the property's continued failure to pass city inspections.

7. Retaliation (C.R.S. §§ 38-12-509 et seq.):

- The defendants retaliated against Mr. Miller and other residents for asserting their rights under the Warranty of Habitability. Retaliatory actions included threats of eviction, increased rent, and the creation of a hostile living environment.

8. Violation of Colorado CARES Act (HB23-1095 and HB23-1254):

- The defendants violated the Colorado CARES Act by engaging in retaliatory actions after habitability complaints were filed. These violations further exacerbated the plaintiffs' distress and financial losses.

## VIII. SPECIFIC FACTS DEMONSTRATING BREACH OF DUTIES

1. Sewage In Dwellings and Hazardous Conditions:
- On April 29, 2023, Mr. Miller reported raw sewage backing up into his bathtub. Despite contacting the emergency maintenance line over 15 times, no action was taken until days later, forcing Mr. Miller to physically move raw sewage between his bathtubs. This hazardous condition persisted, with sewage flowing from the toilet and bathtub, causing unbearable stench and health risks. Videos documenting these events are available at the following link: [https://youtu.be/wGF8Gfc8sIM].

2. Persistent Security Failures and Rampant Criminal Activity:
- The security doors in the Trenton building repeatedly failed to lock, and the security lights were non-functional, leading to increased criminal activities, including vandalism and theft. For example, on September 21, 2023, Mr. Miller documented that the security doors were broken despite having reported this issue over 25 times. The situation worsened when intoxicated individuals began dismantling cars in front of the office, with management dismissing Mr. Miller's concerns. The incident was recorded and 1s available at [https://youtu.be/WntPDHyOgGE].

3. Elevator Failures and Accessibility Issues:
- Elevators frequently broke down, including during times when they were crucial for disabled residents like Mr. Miller and Mr. Haubenreiser. On March 18, 2024, Mr. Miller, a 100% disabled veteran, encountered non-functional elevators at the Ulster building, severely limiting his access and forcing him to navigate dangerous conditions. The defendants' neglect in maintaining the elevators violated both the ADA and the Warranty of Habitability. Video documentation is available at [https://youtu.be/4019MFkLA18].

4. Pest Infestations and Health Code Violations:
- The property was plagued with continuous infestations of mold, rodents, and insects. Despite Mr. Miller's, Ms. Wilhour's, Mr. Wilhour's, ~~Mr. Haubenreiser's~~, and other residents' repeated complaints, and written notices these infestations persisted, severely affecting their health. On October 14, 2023, Mr. Miller documented vermin running in the hallway, which was reported to mismanagement and health authorities, but no effective action was taken. The defendants' refusal to address these infestations violated health and safety codes. Evidence is provided in the video at [https://youtu.be/ZtJLdedbNh4].

5. Unresolved Maintenance Issues and Retaliatory Actions:
- Mr. Miller, Ms. Wilhour, Mr. Wilhour~~, Mr. Haubenreiser~~, and other residents meticulously documented numerous unresolved maintenance issues, including broken appliances, leaking ceilings, and malfunctioning heating systems, which were falsely marked as completed or ignored by mismanagement. For instance, on December 24, 2023, the heating system failed during freezing temperatures, leaving residents without heat or water for several days. Despite efforts made to document and report these conditions, mismanagement retaliated by increasing rent and threatening illegal eviction. Video documentation of these conditions is available at [https://youtu.be/9bRGgme5ChQ].

7. Multiple Citations and Final Notices by the City:
- Throughout these events, the City of Denver cited Asset Living, LLC multiple times for violations of health, safety, and habitability standards, including final notices for failing to

address critical issues such as sewage backups, security failures, and pest infestations. Despite these citations, Asset Living, LLC and **AMFP V Central Park LLC** failed to take the necessary actions to remedy the violations, further endangering the health and safety of the residents.

8. YouTube Channel as Evidence Repository:

- Mr. Miller has created and maintained a YouTube channel that serves as a repository of all evidence supporting his claims. This channel contains videos documenting the unsafe and uninhabitable conditions at Avantus Apartments, the failure of Asset Living, LLC to address these conditions, and the retaliatory actions taken against residents. The Court is encouraged to review these videos as they provide clear, visual evidence of the defendants' violations.

## IX. DAMAGES AND PRAYER FOR RELIEF

Given the severity and ongoing nature of the damages caused by the defendants' actions, the plaintiffs seek the following relief:

1. Compensatory Damages:

- Physical and Emotional Distress: Compensation for the severe physical and emotional distress caused by the defendants' negligence, including the exacerbation of Mr. Miller's existing disabilities due to lack of elevator access and exposure to unsafe conditions such as sewage backups, pest infestations, and criminal assaults. The distress suffered by Mr. Miller, Ms. Wilhour, Mr. Wilhour and other potential plaintiffs includes but is not limited to sleepless nights, anxiety, worsening of PTSD symptoms for Mr. Miller, and physical injuries aggravated by the defendants' failure to maintain the elevators or premises in habitable, safe condition.

- Loss of Property Enjoyment: Compensation for the significant loss of enjoyment of the property, including the inability to use the apartment in a safe and comfortable manner. The plaintiffs were deprived of basic living conditions that should be guaranteed under Colorado's Warranty of Habitability, forcing them to endure conditions that were dangerous and unsanitary.

- Medical Expenses: Reimbursement for any medical expenses incurred as a direct result of the defendants' negligence, including treatments for health conditions aggravated or caused by the unsafe living conditions, such as respiratory issues due to mold exposure, injuries related to the lack of functional elevators, and medical treatment required after Mr. Miller's severe head injury.

- Relocation Costs: Compensation for any costs associated with relocating to a safer environment, should the plaintiffs be forced to move due to the uninhabitable conditions created and maintained by the defendants. This includes moving expenses, lease termination fees, and any increased rent at a new location should the premises be closed by city officials.

- Property Damage: Reimbursement for any personal property damaged or destroyed as a result of the defendants' negligence, such as furniture, clothing, or appliances ruined by sewage backups, leaks, or infestations.

2. Punitive Damages:

- Punitive damages to penalize the defendants for their willful and malicious conduct. The defendants' actions in ignoring repeated complaints, failing to provide basic living conditions, and retaliating against tenants demonstrate a blatant disregard for the law and the well-being of the plaintiffs. Punitive damages are necessary to deter such conduct in the future and to hold the defendants accountable for their actions. Money is the only thing that matters to national conglomerates mismanaging properties across the state and nation. Damages are the only thing they will pay attention to.

3. Statutory and Treble Damages:

- Pursuant to Colorado law, the plaintiffs seek treble damages as allowed under C.R.S. §§ 38-12- 509 et seq., due to the defendants' retaliatory actions. These damages are intended to multiply the plaintiffs' actual damages by three times to reflect the severity of the defendants' unlawful conduct.

4. Attorney Fees and Costs:

- An award for attorney fees (or time spent) and court costs incurred by the plaintiffs in pursuing this action. The plaintiffs have been forced to engage legal counsel due to the defendants' failure to address their lawful complaints and the retaliatory actions taken against them.

5. Declaratory and Injunctive Relief:

- A declaratory judgment affirming that the defendants violated Colorado's Warranty of Habitability, the ADA, FHAA, CADA, and the Colorado CARES Act. Additionally, injunctive relief requiring the defendants to cease any further retaliatory actions and to take all necessary steps to remedy the damages caused by their past actions, including but not limited to providing financial compensation to the plaintiffs.

6. Prohibition Against Mismanaging Properties:

- An order permanently prohibiting Asset Living, LLC and **AMFP V Central Park LLC** from mismanaging any residential properties within the State of Colorado. This measure is necessary to protect other tenants from the egregious conduct exhibited by the defendants in this case and to prevent further harm to vulnerable communities. This would be the most important and meaningful step the court can take to stop the Defendant's malicious conduct.

7. Any Other Relief Deemed Appropriate:

- The plaintiffs request any other relief, such as criminal sanctions, that the court deems just and equitable in light of the defendants' conduct and the severe harm suffered by the plaintiffs.

## X. CERTIFICATE OF SERVICE

I hereby certify that on 04/08/2024, a true and correct copy of this Complaint was served upon the Defendant via e-filing with the court.

Signed:

/s/ Daniel K. Miller, L/CPL USMC (RET)

1950 Trenton Street Apt. T114, Denver, CO 80220 682-404-2412

## XI. VERIFICATION

I, Daniel K. Miller, state and allege that the foregoing statements are true and correct to the best of my knowledge and belief.

Dated: 4/9/2025

Signed: Daniel K. Miller, L/CPL USMC (RET)

RELEVANT CASE LAW AND STATUTORY REFERENCES

1. Warne v. Hall, 373 P.3d 588 (Colo. 2016): Discusses the requirements for pleading under Colorado law.

2. Colo. Rev. Stat.§ 38-12-501 et seq.: Governs the warranty of habitability in Colorado.

3. Colo. Rev. Stat. § 38-12-509 et seq.: Prohibits retaliation against tenants who assert their rights under the Warranty of Habitability.

4. Colorado CARES Act (HB23-1095 and HB23-1254): Expands tenant protections against landlord retaliation and ensures habitability.

5. 42 U.S.C. § 12182(b)(2)(A)(ii): Governs reasonable accommodations under the Americans with Disabilities Act (ADA).

6. 42 U.S.C. § 3604(f)(3)(B): Governs discrimination and accommodations under the Fair Housing Amendments Act (FHAA).

7. Colo. Rev. Stat. § 6-1-101 et seq.: Governs consumer protection against unfair and deceptive trade practices in Colorado.

8. Colo. Rev. Stat. § 24-34-502.2: Governs discrimination and accommodations under the Colorado Anti-Discrimination Act (CADA).

9. Denver Revised Municipal Code§ 27-32 and§ 27-53: Governs health, safety, and habitability standards within Denver.

IO. Vogt v. Hansen, 746 P2d 497 (Colo. 1987): This case underscores a landlord's duty to maintain rental property in a habitable condition. It supports Plaintiffs' claims regarding the Defendants' failure to ensure habitability.

11. Valdez v. G.E. Johnson Constr. Co., 996 P2d 239 (Colo. App. 1999): This case addresses gross negligence in the context of habitability issues, emphasizing that gross negligence involves a reckless disregard for the safety of others.

12. Martinez v. Affordable Haus. Network, Inc., 123 P3d 1201 (Colo. 2005): This case discusses landlord obligations under habitability statutes, further supporting Plaintiffs' claims.

13. Colo. Rev. Stat.§ 13-1-124: Governs personal jurisdiction over defendants in Colorado courts. This statute authorizes this Court to assert jurisdiction over the Defendants based on their conduct within the state.

14. Colo. Rev. Stat. § 13-6-101 et seq.: Governs civil actions in Colorado and provides the framework for this Court's authority to hear this case.

15. Denver Revised Mun. Code§ 27-100 et seq.: Specific to health and safety requirements that support Plaintiffs' claims regarding the numerous code violations at the property.

16. Colo. Rev. Stat. § 25-1-114: Governs public health violations, which are relevant to the issues of pest infestations and sewage backups detailed in the Complaint.

CERTIFICATE OF SERVICE

I hereby certify that on April 8th, 2024, a true and correct copy of the foregoing **FIRST AMENDED COMPLAINT OF SEVERE VIOLATIONS OF COLORADO'S WARRANTY OF HABITABILITY PURSUANT TO C.R.S. §§ 38-12-501 ET AL., LEASE AGREEMENTS, PROHIBITIONS AGAINST RETALIATION, AND THE COLORADO CARES ACT**was filed

with the Court and served via Colorado Courts E-Filing and that a courtesy copy was emailed to Defendant's counsel,

Issued by:

/s/ Daniel K. Miller, Pro Se

Plaintiff, Pro Se

1950 Trenton Street #114,

Denver, CO 80220

Phone: 682-404-2412

E-mail: aar4ag@gmail.com

/s/ Elizabeth Wilhour Pro Se

Elizabeth D. Wilhour, Pro Se 1950 Trenton Street #114, Denver, CO 80220

Phone:720-472-0941

/s/ Sean M. Wilhour, Pro Se

1950 Trenton Street #114,

Denver, CO 80220

Phone:817-266-2045

| | |
|---|---|
| THE UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF COLORADO<br>901 19TH STREET<br>DENVER, COLORADO 80294 | |
| Plaintiffs:<br><br>DANIEL K. MILLER, L/CPL USMC (RET), PRO SE<br>ELIZABETH D. WILHOUR, PRO SE<br>SEAN M. WILHOUR, PRO SE<br>v.<br><br>Defendants:<br><br>ASSET LIVING, LLC<br>~~ABACUS CAPITAL GROUP~~<br>**AMFP V Central Park LLC**<br>SHANNA MARTINEZ | ▲COURT USE ONLY▲ |
| Party w/o Attorney:<br><br>Daniel K. Miller, L/Cpl USMC (RET), Pro Se<br>1950 Trenton Street #114,<br>Denver, CO 80220<br>Phone Number: 682-404-2412<br><br>E-mail: aar4ag@gmail.com<br><br>Elizabeth D. Wilhour, Pro Se<br>1950 Trenton Street<br>#114, Denver, CO<br>80220<br><br>Sean M. Wilhour, Pro Se<br>1950 Trenton Street #114,<br>Denver, CO 80220<br><br>EMAIL:seanbear817@gmail.com | Case No.:<br>1:24-cv-02687-NYW-TPO<br><br>Division: |

**FIRST AMENDED COMPLAINT**
**OF SEVERE VIOLATIONS OF COLORADO'S WARRANTY OF HABITABILITY PURSUANT TO C.R.S. §§ 38-12-501 ET AL., LEASE AGREEMENTS, PROHIBITIONS AGAINST RETALIATION, AND THE COLORADO CARES ACT**

## I. Introduction

**II. Plaintiffs, Daniel K. Miller, Elizabeth D. Wilhour, and Sean M. Wilhour bring this First Amended Complaint against Defendants Asset Living, LLC, AMFP V Central Park LLC, and Shanna Martinez for severe habitability violations, breach of contract, retaliatory conduct, and statutory violations under Colorado law. This amendment is filed pursuant to FRCP 15 and CRCP 15, in compliance with conferral requirements, and for the sole purpose of removing Abacus Capital Group as a defendant and substituting AMFP V Central Park LLC as the lawful owner of the Avantus Apartments.**

**III. The original complaint incorrectly listed Abacus Capital Group as the property owner when, in fact, AMFP V Central Park LLC is the actual owner. All allegations, claims, and relief sought remain unchanged from the original complaint.**

This complaint addresses severe habitability, safety, and health concerns experienced by Mr. Daniel K. Miller, L/Cpl USMC (RET), Elizabeth D. Wilhour, Sean M. Wilhour, Mr. Jason Haubenreiser and other plaintiffs while residing at Avants Apartments, which was mismanaged by Asset Living, LLC during which the period in question. Although Asset Living, LLC no longer manages the property, their gross and criminal negligence, alongside ~~Abacus Capital Group's~~ AMFP V CENTRAL PARK LLC failure to act, has caused significant and ongoing harm to the plaintiffs, which has not been remedied. The issues still persist to the present day, despite the new manager, Sarah Fleming, taking steps to address them. However, ~~Abacus Capital Group~~ AMFP V Central Park LLC has failed to provide the necessary resources and support to address the deadly serious conditions at the property. The property remains in such poor condition that it continues to fail city inspections, and an administrative summons has been issued.

## II. Parties

1. Plaintiff: Daniel K. Miller, L/Cpl USMC (RET), Pro Se
- Address: 1950 Trenton Street #114, Denver, CO 80220
- Phone: 682-404-2412, E-mail: aar4ag@gmail.com

2. Plaintiff: Elizabeth D. Wilhour, Pro Se
- Address: 1950 Trenton Street #114, Denver, CO 80220

3. Plaintiff: Sean M. Wilhour, Pro Se
- Address:1950 Trenton Street #114, Denver, CO 80220

~~4. Plaintiff: Jason Haubenreiser, Pro Se~~
~~- Address: 1955 Ulster St. #452, Denver, CO 80220~~
~~- Phone: 720-272-8457, E-mail: jhauben@gmail.com~~

5. Defendant: Asset Living, LLC
- Address: 7600 E. Orchard Rd. #200N, Greenwood Village, CO 80111

6. ~~Defendant: Abacus Capital Group~~
\- ~~Address: 999 18th St., Suite 925N, Denver, CO 80202~~

7. Defendant: AMFP V Central Park LLC
\- Address:1900 W Littleton Blvd, Littleton, CO 80120

8. Defendant: Shanna Martinez
\- Address: 56303 E. 24th Pl., Strasburg, CO 80136
\- Phone: 303-802-0247

## III. JURISDICTION AND VENUE

1. Jurisdiction: This Court has jurisdiction over this action pursuant to C.R.S. §§ 38-12-501 et seq., which governs the Warranty of Habitability and landlord-tenant relations. The claims arise under the laws of the State of Colorado, and the amount in controversy exceeds and complies with the jurisdictional threshold.

2. Venue: Venue is proper in this Court pursuant to C.R.C.P. Rule 98. The defendants conducted business within this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District. The property at issue is located at 8008 Montview Blvd., Denver, Colorado, 80220, within this District.

## IV. BACKGROUND FACTS

1. Acquisition and Mismanagement:

In January 2021, Asset Living, LLC, a real-estate management firm, and ~~Abacus Capital Group, LLC~~ AMFP V Central Park LLC, a real estate owner, acquired and began mismanaging Avantus Apartments at 8008 Montview Blvd., Denver, Colorado.

2. Conditions Under Mismanagement:

During the period when Asset Living, LLC mismanaged the property, significant deterioration occurred. Plaintiffs, including Mr. Miller ~~and Mr. Haubenreiser~~, experienced severe issues such as frequent leaks, mold growth, inadequate and non-existent heating, pest infestations, non-functional elevators, and extreme safety concerns such as shootouts, the presence of meth labs, gangs, chop¬ shops, and the tragic deaths of children on the property. Despite numerous complaints, these issues were not resolved, creating dangerous and uninhabitable conditions.

3. Retaliation and Intimidation:

After Mr. Miller, Ms. Wilhour, Mr. Wilhour, and ~~Mr. Haubenreiser~~, and other residents reported these issues, Asset Living, LLC, and its agents, including Shanna Martinez, engaged in retaliatory actions, such as filing illegal and unsubstantiated eviction notices (without pursuing a court hearing), withholding services, and creating a hostile living environment. Ms. Martinez went so far as to openly claim she was paying off officers and inspectors and that nothing would be done. These actions violated Colorado's laws prohibiting landlord retaliation.

4. Gross and Criminal Negligence:

The conditions at Avantus Apartments were so dire that they constitute gross and criminal negligence on the part of Asset Living, LLC, and ~~Abacus Capital Group~~ AMFP V Central Park LLC. The failure to address repeated complaints about life-threatening conditions, including shootings and the operation of meth labs, demonstrates a complete disregard for the safety and well-being of the residents. Despite receiving multiple citations and final notices from the City of Denver, the defendants failed to take the necessary actions to correct the violations. CORA reports prove these claims.

5. ~~Abacus Capital Group's~~ AMFP V Central Park LLC Failure to Act:

~~Abacus Capital Group~~ AMFP V Central Park LLC, as the owner of the property, either knew or should have known about the deplorable conditions and the plaintiffs' repeated complaints. Despite this knowledge, ~~Abacus Capital~~ **AMFP V Central Park LLC** did nothing to address these issues and has failed to provide Sarah Fleming, the current property manager, with the resources needed to remedy the situation. The ongoing neglect and lack of support from Abacus Capital continue to endanger the lives of the residents.

6. CORA Reports and City Citations:

CORA (Colorado Open Records Act) reports reveal multiple citations and final notices issued by the City of Denver against Avantus Apartments for violations related to health, safety, and habitability. These citations include multiple and repeated failures to address sewage backups, pest infestations, structural hazards, extreme safety and security concerns, and operating an open, notorious, and verified human health hazard of a property. Many departments including Police, Health inspectors, etc. were notified over and over, with nothing being done. SWAT has responded multipole times to the property; children have died; and the property remains a blight on an otherwise beautiful neighborhood. The property has consistently failed to pass city inspections, leading to an administrative summons being issued due to the ongoing violations.

## V. INCORPORATION AND CONSOLIDATION OF CLAIMS

1. Extreme Documentation Efforts and Retaliation:

Mr. Miller, Ms. Wilhour, Mr. Wilhour~~, Mr. Haubenreiser~~, and other plaintiffs were forced to go to extreme lengths to document, report, and follow up on the numerous habitability issues at Avantus Apartments. Despite their persistence, they faced ongoing retaliation from management, including illegal filings of eviction, harassment, and increased rent. Their efforts to hold Asset Living accountable included creating detailed records, photographs, and video documentation, which were necessary to expose the severity of neglect and mistreatment.

~~2. Assault and Neglect Directly Attributable to Mismanagement:~~

~~Mr. Haubenreiser endured an assault that was directly connected to Asset Living's negligent mismanagement. Shanna Martinez, in her capacity as property manager, knowingly installed and housed tenants who engaged in criminal and disruptive behavior. These tenants were placed directly adjacent to Mr. Haubenreiser, Mr. Miller, Ms. Wilhour, Mr. Wilhour, and other plaintiffs, leading to a toxic and unsafe environment. The lack of security and failure to address repeated complaints about these tenants culminated in Mr. Haubenreiser suffering a brutal assault, resulting in serious injuries that required over a week of hospitalization, a TBI, and a potential stroke. This assault is a direct consequence of Asset Living 's mismanagement decisions, particularly those made by Shanna Martinez, who encouraged dangerous tenants to run wild, jeopardizing the safety of all residents.~~

3. Mr. Miller's Experiences with Assault and ADA Violations:

Mr. Miller has also been a victim of the dangerous conditions fostered by the defendants' gross negligence. He was assaulted on multiple occasions and had to call the police numerous times

due to the unsafe environment. Most recently, Mr. Miller also suffered a severe head injury in an unsafe and previously reported stairwell, which prompted him to file a claim with the property manager for violations of the Americans with Disabilities Act (ADA). The incident further underscores the defendants' failure to maintain a safe living environment, particularly for disabled tenants., especially after multiple, explicit, written notices, video evidence, etc. from plaintiffs and other tenants.

4. All Elevators Out of Service:

Under Shanna Martinez's mismanagement, there were periods when all elevators in the property were out of service. This caused extreme hardship for residents, especially those with disabilities. Plaintiffs, including Mr. Miller, Mr. Wilhour, ~~Mr. Haubenreiser~~ and other plaintiffs were forced to assist neighbors by carrying children in wheelchairs up and down flights of stairs for many weeks. This situation highlights the defendants' gross negligence in maintaining essential services, further endangering the lives and well-being of the tenants. This malicious conduct, particularly against disabled tenants., especially after multiple, explicit, written notices, video evidence, etc. from plaintiffs and other tenants constitutes gross and criminal negligence.

5. False Police Reports and Retaliatory Actions by Mismanagement:

In a further attempt to intimidate and retaliate against the plaintiffs, Shanna Martinez filed false police reports accusing them of stalking her and threatening to vandalize her vehicle. In reality, it was other tenants who vandalized management and leasing agent vehicles. Martinez reported these incidents to the police, and the actual perpetrators were apprehended. These false accusations demonstrate the extent of the retaliatory tactics used by the defendants against the plaintiffs.

~~6. Legal Consideration for Joining Actions:~~

~~Given the overlap in the issues faced by Mr. Miller, Ms. Wilhour, Mr. Wilhour, Mr. Haubenreiser, and other residents as potential plaintiffs, and the commonality of the defendants' conduct, there is a strong legal basis for consolidating Mr. Haubenreiser's claims in a previously filed case (23CV759) with this action. This consolidation would allow for a more efficient resolution of the claims and would ensure that all affected tenants who wish to represent themselves pro se have a unified voice against the defendants' misconduct. Defendants would not be prejudiced in any way, no discovery or previous work already done by Asset Living attorneys would go to waste, and the legal process would be best served in the interests of justice and efficiency.~~

# VI. GENERAL ALLEGATIONS

1. Severe Habitability Issues:

Asset Living, LLC failed to maintain the property in a habitable or safe condition during their mismanagement, leading to severe health and safety hazards. These issues have had a lasting impact on the plaintiffs' lives, health, safety, and well-being.

2. Gross and Criminal Negligence:

The defendants either negligently or maliciously allowed these hazardous conditions to persist, resulting in gross and criminal negligence. Their failure to address these issues, despite being fully aware of them, demonstrates a blatant disregard for the tenants' rights and well-being.

3. Breach of Contract:

The defendants breached the lease agreements by failing to provide habitable and living conditions, as required under Colorado law. These breaches have caused significant harm to the plaintiffs, including emotional distress, health issues, and financial losses. The Defendants also failed to abide by Colorado law and Denver Municipal Codes. The Defendants failed in their bare minimum duties consistently, without remorse, and to the detriment of some of the most underserved and underrepresented people in our community.

4. Ongoing Issues Despite New Management:

The issues at Avantus Apartments persist to the present day. Although the new manager, ~~Sarah Fleming~~, CODY is taking the concerns seriously, the property remains in such poor condition due to Asset Living's gross and criminal neglect that it continues to fail city inspections. Plaintiffs have been forced to endure inhumane conditions, such as all elevators being out of service simultaneously, trash overflowing and stacked as high as people festering for days and weeks in common areas, rampant crime and unchecked gang activity, etc.. Under Shanna Martinez's mismanagement, this failure led to neighbors, including the plaintiffs, being forced to carry children in wheelchairs up and down flights of stairs, highlighting the severity of the accessibility issues.

5. ~~Abacus Capital Group's~~ AMFP V Central Park LLC Continued Negligence:

~~Abacus Capital Group~~ **AMFP V Central Park LLC** has failed to provide ~~Sarah Fleming (the only person taking things seriously)~~ CODY with the necessary resources and support to address the ongoing violations and to remedy the grossly negligent conditions created under Asset Living's mismanagement~~. Abacus Capital's~~ **AMFP V Central Park LLC** failure to act with the urgency required has allowed the dangerous conditions to persist, putting the lives of the plaintiffs and other tenants at continued risk.

## VII. SPECIFIC CLAIMS AND VIOLATIONS

1. Americans with Disabilities Act (ADA) Violations:

- Asset Living, LLC failed to provide reasonable accommodations for disabled residents, including Mr. Miller ~~and Mr. Haubenreiser~~, in violation of the ADA (42 U.S.C. § 12182(b)(2)(A)(ii)).

2. Fair Housing Amendments Act (FHAA) Violations:

- The defendants' actions constitute discrimination under the FHAA by failing to accommodate tenants with disabilities (42 U.S.C. § 3604(f)(3)(B)).

3. Colorado Consumer Protection Act (CCPA) Violations:
- The defendants engaged in unfair and deceptive trade practices by misrepresenting the condition of the apartments and failing to make necessary repairs (Colo. Rev. Stat. § 6-1-101 et seq.).

4. Colorado Anti-Discrimination Act (CADA) Violations:
- The defendants failed to provide reasonable accommodation as required under CADA (Colo. Rev. Stat. § 24-34-502.2).

5. Denver Municipal Code Violations:
- The defendants violated provisions of the Denver Municipal Code regarding health, safety, and habitability, including Denver Revised Municipal Code § 27-32 (Maintenance of habitable conditions) and§ 27-53 (Health and safety requirements).

6. Breach of Warranty of Habitability (C.R.S. §§ 38-12-501 et seq.):
- The defendants failed to maintain the property in a habitable condition, as required under Colorado law. This failure is particularly egregious considering the ongoing violations and the issuance of an administrative summons due to the property's continued failure to pass city inspections.

7. Retaliation (C.R.S. §§ 38-12-509 et seq.):
- The defendants retaliated against Mr. Miller, ~~Mr. Haubenreiser~~, and other residents for asserting their rights under the Warranty of Habitability. Retaliatory actions included threats of eviction, increased rent, and the creation of a hostile living environment.

8. Violation of Colorado CARES Act (HB23-1095 and HB23-1254):
- The defendants violated the Colorado CARES Act by engaging in retaliatory actions after habitability complaints were filed. These violations further exacerbated the plaintiffs' distress and financial losses.

# VIII. SPECIFIC FACTS DEMONSTRATING BREACH OF DUTIES

1. Sewage In Dwellings and Hazardous Conditions:

- On April 29, 2023, Mr. Miller reported raw sewage backing up into his bathtub. Despite contacting the emergency maintenance line over 15 times, no action was taken until days later, forcing Mr. Miller to physically move raw sewage between his bathtubs. This hazardous condition persisted, with sewage flowing from the toilet and bathtub, causing unbearable stench and health risks. Videos documenting these events are available at the following link: [https://youtu.be/wGF8Gfc8sIM].

2. Persistent Security Failures and Rampant Criminal Activity:

- The security doors in the Trenton building repeatedly failed to lock, and the security lights were non-functional, leading to increased criminal activities, including vandalism and theft. For example, on September 21, 2023, Mr. Miller documented that the security doors were broken despite having reported this issue over 25 times. The situation worsened when intoxicated individuals began dismantling cars in front of the office, with management dismissing Mr. Miller's concerns. The incident was recorded and 1s available at [https://youtu.be/WntPDHyOgGE].

3. Elevator Failures and Accessibility Issues:

- Elevators frequently broke down, including during times when they were crucial for disabled residents like Mr. Miller and Mr. Haubenreiser. On March 18, 2024, Mr. Miller, a 100% disabled veteran, encountered non-functional elevators at the Ulster building, severely limiting his access and forcing him to navigate dangerous conditions. The defendants' neglect in maintaining the elevators violated both the ADA and the Warranty of Habitability. Video documentation is available at [https://youtu.be/4019MFkLA18].

4. Pest Infestations and Health Code Violations:

- The property was plagued with continuous infestations of mold, rodents, and insects. Despite Mr. Miller's, Ms. Wilhour's, Mr. Wilhour's, ~~Mr. Haubenreiser's~~, and other residents' repeated complaints, and written notices these infestations persisted, severely affecting their health. On October 14, 2023, Mr. Miller documented vermin running in the hallway, which was reported to mismanagement and health authorities, but no effective action was taken. The defendants' refusal to address these infestations violated health and safety codes. Evidence is provided in the video at [https://youtu.be/ZtJLdedbNh4].

5. Unresolved Maintenance Issues and Retaliatory Actions:

- Mr. Miller, Ms. Wilhour, Mr. Wilhour~~, Mr. Haubenreiser~~, and other residents meticulously documented numerous unresolved maintenance issues, including broken appliances, leaking ceilings, and malfunctioning heating systems, which were falsely marked as completed or ignored by mismanagement. For instance, on December 24, 2023, the heating system failed during freezing temperatures, leaving residents without heat or water for several days. Despite efforts made to document and report these conditions, mismanagement retaliated by increasing rent and threatening illegal eviction. Video documentation of these conditions is available at [https://youtu.be/9bRGgme5ChQ].

~~6. Negligent Placement of Dangerous Tenants and Resulting Assault~~

~~- Shanna Martinez, acting as property manager, placed dangerous and disruptive tenants next to Mr. Haubenreiser, knowingly allowing them to engage in criminal activities. These~~

~~tenants were repeatedly reported by Mr. Miller, Ms. Wilhour, Mr. Wilhour, Mr. Haubenreiser, and others, but no action was taken to curb their behavior. On June 5, 2024, this negligence culminated in a violent assault on Mr. Haubenreiser by one of these tenants. The assault was severe, resulting in Mr. Haubenreiser being hospitalized for over a week. This incident, which was directly caused by the mismanagement and negligence of Asset Living, LLC, and specifically Shanna Martinez, highlights the defendants' total disregard for the safety and well-being of their tenants.~~

7. Multiple Citations and Final Notices by the City:
- Throughout these events, the City of Denver cited Asset Living, LLC multiple times for violations of health, safety, and habitability standards, including final notices for failing to address critical issues such as sewage backups, security failures, and pest infestations. Despite these citations, Asset Living, LLC and ~~Abacus Capital~~ **AMFP V Central Park LLC** failed to take the necessary actions to remedy the violations, further endangering the health and safety of the residents.

8. YouTube Channel as Evidence Repository:
- Mr. Miller has created and maintained a YouTube channel that serves as a repository of all evidence supporting his claims. This channel contains videos documenting the unsafe and uninhabitable conditions at Avantus Apartments, the failure of Asset Living, LLC to address these conditions, and the retaliatory actions taken against residents. The Court is encouraged to review these videos as they provide clear, visual evidence of the defendants' violations~~. There is also a public Dropbox available at~~

~~https://www.dropbox.com/scl/fo/sui3blf5ynk39s4i8wusi/h?rl key=9w giklrimOIuzbotcm9zm9kwc&st=91zfrad3&dl=O~~

## IX. DAMAGES AND PRAYER FOR RELIEF

Given the severity and ongoing nature of the damages caused by the defendants' actions, the plaintiffs seek the following relief:

1. Compensatory Damages:

- Physical and Emotional Distress: Compensation for the severe physical and emotional distress caused by the defendants' negligence, including the exacerbation of Mr. Miller's, and ~~Mr. Haubenreiser's~~ existing disabilities due to lack of elevator access and exposure to unsafe conditions such as sewage backups, pest infestations, and criminal assaults. The distress suffered by Mr. Miller, ~~Mr. Haubenreiser~~, Ms. Wilhour, Mr. Wilhour and other potential plaintiffs includes but is not limited to sleepless nights, anxiety, worsening of PTSD symptoms for Mr. Miller, and physical injuries aggravated by the defendants' failure to maintain the elevators or premises in habitable, safe condition.

- Loss of Property Enjoyment: Compensation for the significant loss of enjoyment of the property, including the inability to use the apartment in a safe and comfortable manner. The plaintiffs were deprived of basic living conditions that should be guaranteed under Colorado's Warranty of Habitability, forcing them to endure conditions that were dangerous and unsanitary.

- Medical Expenses: Reimbursement for any medical expenses incurred as a direct result of the defendants' negligence, including treatments for health conditions aggravated or caused by the unsafe living conditions, such as respiratory issues due to mold exposure, injuries related to the lack of functional elevators, and medical treatment required after ~~the assault on Mr. Haubenreiser and~~ Mr. Miller's severe head injury.

- Relocation Costs: Compensation for any costs associated with relocating to a safer environment, should the plaintiffs be forced to move due to the uninhabitable conditions created and maintained by the defendants. This includes moving expenses, lease termination fees, and any increased rent at a new location should the premises be closed by city officials.

- Property Damage: Reimbursement for any personal property damaged or destroyed as a result of the defendants' negligence, such as furniture, clothing, or appliances ruined by sewage backups, leaks, or infestations.

2. Punitive Damages:

- Punitive damages to penalize the defendants for their willful and malicious conduct. The defendants' actions in ignoring repeated complaints, failing to provide basic living conditions, and retaliating against tenants demonstrate a blatant disregard for the law and the well-being of the plaintiffs. Punitive damages are necessary to deter such conduct in the future and to hold the defendants accountable for their actions. Money is the only thing that matters to national conglomerates mismanaging properties across the state and nation. Damages are the only thing they will pay attention to.

3. Statutory and Treble Damages:

- Pursuant to Colorado law, the plaintiffs seek treble damages as allowed under C.R.S. §§ 38-12- 509 et seq., due to the defendants' retaliatory actions. These damages are intended to multiply the plaintiffs' actual damages by three times to reflect the severity of the defendants' unlawful conduct.

4. Attorney Fees and Costs:

- An award for attorney fees (or time spent) and court costs incurred by the plaintiffs in pursuing this action. The plaintiffs have been forced to engage legal counsel due to the defendants' failure to address their lawful complaints and the retaliatory actions taken against them.

5. Declaratory and Injunctive Relief:

- A declaratory judgment affirming that the defendants violated Colorado's Warranty of Habitability, the ADA, FHAA, CADA, and the Colorado CARES Act. Additionally, injunctive relief requiring the defendants to cease any further retaliatory actions and to take all necessary steps to remedy the damages caused by their past actions, including but not limited to providing financial compensation to the plaintiffs.

6. Prohibition Against Mismanaging Properties:

- An order permanently prohibiting Asset Living, LLC and ~~Abacus Capital~~ **AMFP V Central Park LLC** from mismanaging any residential properties within the State of Colorado.

This measure is necessary to protect other tenants from the egregious conduct exhibited by the defendants in this case and to prevent further harm to vulnerable communities. This would be the most important and meaningful step the court can take to stop the Defendant's malicious conduct.

7. Any Other Relief Deemed Appropriate:

- The plaintiffs request any other relief, such as criminal sanctions, that the court deems just and equitable in light of the defendants' conduct and the severe harm suffered by the plaintiffs.

## X. CERTIFICATE OF SERVICE

I hereby certify that on 8/26/2024, a true and correct copy of this Complaint was served upon the Defendant via p sonal service and e-filing with the court.

Signed:

Daniel K. Miller, L/CPL USMC (RET)

1950 Trenton Street Apt. T114, Denver, CO 80220 682-404-2412

## XI. VERIFICATION

I, Daniel K. Miller, state and allege that the foregoing statements are true and correct to the best of my knowledge and belief.

Dated: 4/9/2025

Signed: Daniel K. Miller, L/CPL USMC (RET)

RELEVANT CASE LAW AND STATUTORY REFERENCES

1. Warne v. Hall, 373 P.3d 588 (Colo. 2016): Discusses the requirements for pleading under Colorado law.

2. Colo. Rev. Stat.§ 38-12-501 et seq.: Governs the warranty of habitability in Colorado.

3. Colo. Rev. Stat. § 38-12-509 et seq.: Prohibits retaliation against tenants who assert their rights under the Warranty of Habitability.

4. Colorado CARES Act (HB23-1095 and HB23-1254): Expands tenant protections against landlord retaliation and ensures habitability.

5. 42 U.S.C. § 12182(b)(2)(A)(ii): Governs reasonable accommodations under the Americans with Disabilities Act (ADA).

6. 42 U.S.C. § 3604(f)(3)(B): Governs discrimination and accommodations under the Fair Housing Amendments Act (FHAA).

7. Colo. Rev. Stat. § 6-1-101 et seq.: Governs consumer protection against unfair and deceptive trade practices in Colorado.

8. Colo. Rev. Stat. § 24-34-502.2: Governs discrimination and accommodations under the Colorado Anti-Discrimination Act (CADA).

9. Denver Revised Municipal Code§ 27-32 and§ 27-53: Governs health, safety, and habitability standards within Denver.

IO. Vogt v. Hansen, 746 P2d 497 (Colo. 1987): This case underscores a landlord's duty to maintain rental property in a habitable condition. It supports Plaintiffs' claims regarding the Defendants' failure to ensure habitability.

11. Valdez v. G.E. Johnson Constr. Co., 996 P2d 239 (Colo. App. 1999): This case addresses gross negligence in the context of habitability issues, emphasizing that gross negligence involves a reckless disregard for the safety of others.

12. Martinez v. Affordable Haus. Network, Inc., 123 P3d 1201 (Colo. 2005): This case discusses landlord obligations under habitability statutes, further supporting Plaintiffs' claims.

13. Colo. Rev. Stat.§ 13-1-124: Governs personal jurisdiction over defendants in Colorado courts. This statute authorizes this Court to assert jurisdiction over the Defendants based on their conduct within the state.

14. Colo. Rev. Stat. § 13-6-101 et seq.: Governs civil actions in Colorado and provides the framework for this Court's authority to hear this case.

15. Denver Revised Mun. Code§ 27-100 et seq.: Specific to health and safety requirements that support Plaintiffs' claims regarding the numerous code violations at the property.

16. Colo. Rev. Stat. § 25-1-114: Governs public health violations, which are relevant to the issues of pest infestations and sewage backups detailed in the Complaint.

CERTIFICATE OF SERVICE

I hereby certify that on August 29th, 2024, a true and correct copy of the foregoing FORMAL COMPLAINT OF SEVERE VIOLATIONS OF COLORADO'S WARRANTY OF HABITABILITY PURSUANT TO C.R.S. §§ 38-12-501 ET AL., LEASE AGREEMENTS, PROHIBITIONS AGAINST RETALIATION, AND THE COLORADO CARES ACT was filed with the Court and served via Colorado Courts E-Filing and that a courtesy copy was emailed to Defendant's counsel, registered agent, or by proper, lawful individual or substitute service at the following:

Issued to:

~~Richard L. Murray, Jr.~~

~~HALL & EVANS, LLC~~

~~1001 17th Street, Suite 300~~

~~Denver, CO 80202~~

~~Email: murrayr@hallevans.com~~

~~Michael G. Samo~~

~~999 18th St., Suite 925N Denver, CO, 80202~~

~~Phone: 720-379-1800~~

~~Email: Midwestacq@abacuscapitalgroup.com~~

Shanna Martinez 56303 E. 24th Pl.,

Strasburg, CO 80136

Phone: 303-802 0,7

Issued by:

Dan K. Miller,

Plaintiff, Pro Se

1950 Trenton Street #114,

Denver, CO 80220

Phone: 682-404-2412

E-mail: aar4ag@gmail.com

Elizabeth D. Wilhour, Pro Se 1950 Trenton Street #114, Denver, CO 80220

Phone:720-472-0941

Signature:

Sean M. Wilhour, Pro Se

1950 Trenton Street #114,

Denver, CO 80220

Phone:817-266-2045

~~Jason Haubenreiser Pro Se~~

~~1955 Ulster St. #452~~

~~Denver, CO 80220~~

~~Phone Number: 720-272-8457~~

~~E-mail: Jhauben@gmail.com~~