IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02687-NYW-TPO

DANIEL K. MILLER,
ELIZABETH D. WILHOUR, and
SEAN M. WILHOUR,

      Plaintiffs,

v.

ASSET LIVING, LLC,
AMFP V CENTRAL PARK LLC, and
SHANNA MARTINEZ,

      Defendants.

---

## RECOMMENDATION

---

**Timothy P. O'Hara, United States Magistrate Judge.**

This matter comes before the Court upon two partial Motions to Dismiss, respectively filed by Defendants Asset Living, LLC and Shanna Martinez [ECF 118], and Defendant AMFP V Central Park, LLC (AMFP) [ECF 128].[1] Having reviewed the relevant briefing,[2] the First Amended Complaint (FAC), and the applicable legal authority, this Court finds that neither oral argument nor additional briefing would materially assist in issuing this Recommendation. As explained herein, this Court respectfully **recommends** that the Partial Motions to Dismiss [ECFs 118 & 129] be **granted**.

---

[1] Both Motions were referred to the undersigned by U.S. District Judge Nina Y. Wang for recommendation. ECFs 119 & 129.

[2] The briefing consists of the Motions, Plaintiffs' Responses [ECFs 121 & 131], Defendants' Replies [ECFs 122 & 132].

## BACKGROUND[3]

Plaintiffs—Mr. Daniel Miller, Ms. Elizabeth Wilhour, and Mr. Sean Wilhour—reside at Avantus Apartments ("the Property"), a residential apartment property located in Denver, Colorado. ECF 115 at 2-3. In January of 2021, Defendant AMFP, a real estate owner, acquired the Property with Defendant Asset Living, LLC, a real-estate management firm. *Id.* at 4. Throughout the FAC, Plaintiffs detail severe habitability issues, including: "frequent leaks, mold growth, inadequate and non-existent heating, pest infestations, non-functional elevators, and extreme safety concerns such as shootouts, the presence of meth labs, gangs, chop-shops, and the tragic deaths of children on the property." *Id.* Plaintiffs and other residents have documented the issues and reported the substandard conditions of the Property to management and law enforcement. *See id.* at 5; 9-10. In one notable instance, Mr. Miller submitted 15 emergency maintenance requests to address raw sewage backing up into his bathtub. *Id.* at 9. Despite Mr. Miller's numerous, urgent maintenance requests, Plaintiffs allege that Defendants did not take any action for several days, forcing Mr. Miller to manually move the raw sewage. *Id.* When other maintenance requests were submitted, many were falsely marked as "completed" and others ignored. *Id.* Plaintiffs further allege that the City of Denver cited the Property "multiple times for violations of health, safety, and habitability standards, including final notices for failing to address critical issues such as sewage backups, security failures, and pest infestations." *Id.* at 9-10. Instead

---

[3] The Court takes the facts listed in this section from the well-pled facts found in Plaintiffs' First Amended Complaint (FAC) and presumes they are true for the purposes of this Recommendation. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citing *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006)); *see also Boulter v. Noble Energy*, 521 F. Supp. 3d 1077, 1082 (D. Colo. 2021) (citing *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)).

of fixing these conditions, management "retaliated by increasing rent and threatening illegal eviction." *Id.* at 9.

Defendant Shanna Martinez was involved in managing the Property, and Plaintiffs allege she engaged in retaliatory actions, such as "filing illegal and unsubstantiated eviction notices (without pursuing a court hearing), withholding services, and creating a hostile living environment." *Id.* at 4. Plaintiffs further allege that Defendant Martinez "openly claim[ed] she was paying off officers and inspectors and that nothing would be done" to address their complaints. *Id.* According to the FAC, Defendant Martinez also "filed false police reports accusing [Plaintiffs] of stalking her and threatening to vandalize her vehicle," based on an incident perpetrated by different tenants. *Id.* at 6.

Plaintiffs bring eight claims, asserting violations of: (1) the Americans with Disabilities Act (ADA); (2) the Fair Housing Amendments Act (FHAA); (3) the Colorado Consumer Protection Act (CCPA); (4) Colorado Anti-Discrimination Act (CADA); (5) provisions of the Denver Municipal Code (§§ 27-32; 27-53); (6) the warranty of habitability (C.R.S. §§ 38-12-501 et seq.); (7) retaliation for complaints of breaching the warranty of habitability (C.R.S. §§ 38-12-509 et seq.); and (8) the "Colorado CARES Act[4] (HB23-1095 and HB23-1254)." *Id.* at 115. Due to Defendants' alleged failures to remedy these ongoing issues, Plaintiffs assert that these conditions "have had a lasting impact on the plaintiffs' lives, health, safety, and well-being." *Id.* at 6.

Defendants Asset Living, LLC and Martinez filed their Partial Motion to Dismiss, ECF 118, and Defendant AMFP separately filed its Partial Motion to Dismiss, ECF 128. Both Motions raise the same legal arguments, seeking dismissal of Claims One (ADA), Three (CCPA), Five

---

[4] There is no Colorado CARES Act.

(Denver Municipal Code), and Eight ("Colorado CARES Act"). As it relates to Claims One, Three, and Five, this Court finds that Plaintiffs have not pleaded sufficient factual information to support a plausible claim. Plaintiffs' Claim Eight suffers from similar defects and would be duplicative of other claims raised by Plaintiffs. As a result, this Court recommends all four Claims be dismissed.

## LEGAL STANDARDS

### I.    Treatment of a Pro Se Plaintiff's Complaint

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "'Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on the plaintiff's behalf.'" *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)). The Tenth Circuit has interpreted this rule to mean that if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, [their] confusion of various legal theories, [their] poor syntax and sentence construction, or [their] unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).

### II.    Fed. R. Civ. P. 12(b)(6) Motion to Dismiss

Under Rule 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) motions "test the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley*

*v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (citing *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's claims are plausible when the well-pleaded facts allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. When considering a Rule 12(b)(6) motion, a court must "presume[] all of plaintiff's factual allegations are true and construe[] them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1109.

However, the court need not accept as true mere legal conclusions asserted with "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. (citing *Twombly*, 550 U.S. at 555). The court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). If a plaintiff's factual allegations have not "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

## ANALYSIS

### I.    Claim I: Americans with Disabilities Act

Defendants all argue that the ADA does not create a cause of action because residential properties are not "public accommodations" covered by the statute. ECFs 118 at 4-5; 128 at 4-5. This Court agrees.

The ADA applies to "any place of public accommodation," a term which is defined in the ADA to include:

> an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor.

42 U.S.C. § 12181(7)(A). "Facially, the statute does not include a private residence, such as a residential home or apartment." *Phibbs v. Am. Prop. Mgmt.*, No 2:02CV00260 DB, 2008 WL 746977, at *3 (D. Utah Mar. 19, 2008). As noted in *Phibbs*, the legislative history clarifies that non-residential properties are covered by the ADA, and residential properties are covered by the Fair Housing Act. *Id.* (citations omitted). Courts who have considered this question have routinely found the ADA inapplicable to residential properties, including private apartment complexes. *Barwick v. Broadway Lofts, LLC*, No. 21-cv-01394-LTB-GPG, 2022 WL 4295336, at *4 (D. Colo. May 23, 2022) ("the apartment complex in this action is not a place of public accommodation"), *report and recommendation adopted*, No. 21-cv-01394-LTB-GPG, 2022 WL 4295334 (D. Colo. July 15, 2022); *Coe v. Cross-Lines Ret. Ctr., Inc.*, 645 F. Supp. 3d 1126, 1130-31 (D. Kan. 2022) (apartment complexes catering to the elderly not covered as a "senior citizen center" under the ADA); *Perry v. Encore at Blvd. One LLC*, No. 23-cv-02188-LTB-SBP, 2023 WL 12131106 (D. Colo. Dec. 1, 2023) (apartment residence not a place of public accommodation), *report and recommendation adopted*, No. 23-cv-02188-LTB-SBP, 2023 121361107 (D. Colo. Dec. 15, 2023);

6

*Paterson v. SK5 Wolverine Crossing, LLC*, No. 2:16-cv-1264 TS, 2018 WL 2023545 (D. Utah May 1, 2018) (granting residential apartment complex defendant judgment as a matter of law on ADA claim); *Regents v. Mercersburg College v. Republic Franklin Ins. Co.*, 458 F.3d 159, 165 n.8 (3d Cir. 2006) ("residential facilities such as apartments and condominiums are not transient lodging and, therefore, not subject to ADA compliance").

Plaintiffs' Responses cite *Robles v. Domino's Pizza, LLC*, 913 F.3d 898 (9th Cir. 2019), arguing that the ADA's protections extend "to common-use areas like laundry rooms and garages, especially when operated by federally funded programs like AMFP." ECF 131 at 3; *see* ECF 121 at 2. However, in *Robles*, it was not in dispute that the defendant, Domino's Pizza, maintained a place of public accommodation. There, the Ninth Circuit was focused on whether the defendant's website and app were "auxiliary aids and services" also subject to ADA compliance. 913 F.3d at 905. *Robles* is thus inapplicable and unpersuasive.

Although Plaintiffs clarify that their ADA claim pertains to the shared common areas and not their private unit, ECF 121 at 2, it does not change that the ADA is inapplicable to residential complexes. Specifically, Plaintiffs fail to allege that any part of their apartment building was a "public accommodation." *See Phibbs*, 2008 WL 746977, at *3 (residential apartment complex and its facilities, i.e., assigned parking spaces, were not places of public accommodation). And Plaintiffs have failed to identify any authority for the proposition that a private apartment building with a shared common area would transform the building into a place of public accommodation covered by the ADA.

As a result, this Court determines that Plaintiffs have not established that the Defendants operate a place of public accommodation as covered by the ADA, and Plaintiffs' ADA claim should be dismissed. Because this claim fails as a matter of law, dismissal should be with prejudice

because amendment would be futile. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (citations omitted).

## II.       Claim III: Colorado Consumer Protection Act, C.R.S. § 6-1-101, *et seq.*

Next, Defendants argue that Plaintiffs fail to plead sufficient factual allegations to state a CCPA claim. ECFs 118 at 5-7; 121 at 5-7.  To establish a cause of action under the CCPA, Plaintiffs must prove:

> (1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury.

*Hall v. Walter*, 969 P.2d 224, 234-35 (Colo. 1998) (en banc). A deceptive trade practice under the CCPA "requires a false statement of fact that either induces the recipient to act or has the capacity to deceive the recipient." *Rhino Linings USA, Inc. v. Rocky Mt. Rhino Lining. Inc.*, 62 P. 3d 142, 144 (Colo. 2003) (en banc). An actionable misrepresentation must be made "either with knowledge of its untruth, or recklessly and willfully made without regard to its consequences, and with an intent to mislead and deceive the plaintiff." *Id.* at 148 (quotation omitted). In evaluating the sufficiency of CCPA claims, courts in this District apply the heightened pleading standards of Fed. R. Civ. P. 9(b). *See HealthONE of Denver, Inc. v. UnitedHealth Grp. Inc.*, 805 F. Supp. 2d 1115, 1120-21 (D. Colo. 2011) (citing *Hansen v. Auto-Owners Ins. Co.*, No. 09-cv-02736, 2010 WL 749820, at *2 (D. Colo. Mar. 4, 2010); *Duran v. Clover Club Foods Co.*, 616 F. Supp. 790, 792-93 (D. Colo. 1985)); *see also Two Moms & a Toy, LLC v. Int'l Playthings, LLC*, 898 F. Supp. 2d 1213, 1219 (D. Colo. 2012); *Murtagh v. Bed Bath & Beyond Inc.*, No. 19-cv-03487-CMA-NYW, 2020 WL 4195126 (D. Colo. July 3, 2020), *report and recommendation adopted*, No. 19-cv-03487-CMA-NYW, 2020 WL 4193553 (D. Colo. July 21, 2020).

Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (citation omitted). At a minimum, particularity requires that the pleading "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *HealthONE*, 805 F. Supp. 2d at 1121 (quoting *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000)) (finding Rule 9(b) satisfied for CCPA claim because defendant had adequate notice despite no mentions of dates and places of misrepresentations included in complaint). The Complaint should be read as a whole, "rather than in a piecemeal fashion," to determine its sufficiency. *Id.* (citing *Schwartz*, 124 F.3d at 1253).

The Court finds that Plaintiffs have not met this heightened pleading standard. The FAC fails to specifically identify any "unfair or deceptive trade practice" with any particularity. Instead, Plaintiffs merely state "[t]he defendants engaged in unfair and deceptive trade practices by misrepresenting the condition of the apartments and failing to make necessary repairs." ECF 115 at 8 (citing Colo. Rev. Stat. § 6-1-101 *et seq.*). Nowhere does the FAC identify with particularity what false statements were made, when they were made, and by whom. The conclusory assertion that Defendants misrepresented the condition of the apartments is not enough to support a CCPA claim premised on knowingly false representations or fraudulent omissions. *See Koch*, 203 F.3d at 1237 (affirming the district court's determination that plaintiffs' complaint failed to meet Rule 9(b)'s particularity standard); *see also Carrado v. Daimler AG*, No. 17-cv-03080-WJM-SKC, 2018 WL 4565562, at *5-6 (D. Colo. Sept. 24, 2018) (dismissing CCPA claim due to failures to allege "contents, time, or place" of false representations or to explain why certain information should have been disclosed).

Plaintiffs' Response to Defendants Asset Living's and Martinez's Motion to Dismiss only points to *Curran v. Home Partners Holdings LLC* (2024SA164); states the elements of a CCPA claim; and "further rel[ies] on *Feigin v. Alexa Group*, 19 P.3d 23 (Colo. App. 2000). ECF 121 at 2-3. As noted in Defendants Asset Living's and Martinez's Reply, *Curran* involved a federal case in this District, *Curran v. Home Health Partner Holdings LLC*, No. 23-cv-01279-DDD-MDB, 2024 WL 1829266, at *2 (D. Colo. Mar. 20, 2024), in which U.S. District Judge Daniel D. Domenico certified two questions of state law to the Colorado Supreme Court. Before a ruling could be determined by the Colorado Supreme Court, however, the case was dismissed, both in the federal district court and the Colorado Supreme Court, upon the Parties' joint stipulation of dismissal. *See* No. 23-cv-01279-DDD-MDB, ECFs 68 (Notice of Voluntary Dismissal); 69 (Order terminating case); & 70 (Order of dismissal from Colorado Supreme Court). As a result, *Curran* provides no support. *Feigin v. Alexa Group* does not involve any CCPA claims, so Plaintiffs' reliance on that case also is misplaced. 19 P.3d 23.

The Response to Defendant AMFP's Motion to Dismiss states "[m]isrepresentations were made in leasing agreements and advertisements, including amenities like elevators, gyms, and security, which were not functional." ECF 131 at 3. This is problematic for at least two reasons. First, Plaintiffs may not effectively amend their pleading by asserting new facts in a Response Brief. *Smith v. Pizza Hut, Inc.*, 694 F. Supp. 2d 1227, 1230 (D. Colo. 2010) (citing *Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991)) ("Plaintiffs cannot rectify their pleading deficiencies by asserting new facts in an opposition to a motion to dismiss."). Second, even considering the information provided in the Response, Plaintiffs *still* fail to provide sufficient facts to meet the heightened level of particularity, i.e., to demonstrate that a knowing false representation was made by Defendants before Plaintiffs entered into their lease agreement, or that such

misrepresentations were material and not "mere puffery." *See Dalton v. Countrywide Home Loans, Inc.*, 828 F. Supp. 2d 1242, 1250-51 (D. Colo. 2011) (misrepresentations made after the alleged injury could not establish a deceptive trade practice); *Renfro v. Champion Petfoods USA, Inc.*, 25 F.4th 1293, 1301-1302 (10th Cir. 2022) (distinguishing false representation from 'puffery' in CCPA context).

Because Plaintiffs have failed to sufficiently plead the elements of a CCPA claim, Defendants' Motions to Dismiss should be granted as it relates to this claim. However, the Court recommends dismissal without prejudice because Plaintiffs are proceeding pro se and it is not obvious that further amendment would be futile. *See Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (dismissal without prejudice is preferable when deficiencies may be attributable to a pro se litigant's ignorance of the law or when dismissal is based on vagueness of factual allegations).

### III.    Claim V: Denver Municipal Code Violations

Defendants argue that claim five, alleged under Denver Municipal Code §§ 27-32 & 27-53, should be dismissed because (1) Plaintiffs have identified nonexistent provisions of the Denver Municipal Code; and (2) unless a provision of the Denver Municipal Code expressly creates a private right of action, individuals cannot enforce alleged violations of the Code. *See* ECFs 118 at 7-10; 128 at 7-9. Plaintiffs generally respond that they have cited provisions "which address habitability and health hazards," and that *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) authorizes "constitutional claims arising from a pattern of failure to enforce." ECF 131 at 3.

11

The FAC cites §§ 27-32 and 27-53, reserved sections of the Municipal Code,[5] which cannot provide a valid legal basis for any claims. As to Plaintiff's redirection in their Response to §§ 27-27, 27-28, and 27-30, *see* ECF 131 at 3, these sections either do not give right to any cause of action, § 27-30, or confer enforcement authority only to "the manager," §§ 27-27 and 27-28, which is defined in § 27-18 as "the manager of the department of public health and environment or the manager's representative." Because there is an intended remedy for violations of the Municipal Code, reserving enforcement for the "manager," this Court finds that there is no private right of action available for any such violations. *See Bd. of Cnty. Comm'rs of County of La Plata v. Moreland*, 764 P.2d 812, 819 (Colo. 1988) (citation omitted) (en banc) ("in the absence of any indication of contrary legislative intent, the specific remedies designated by the legislature excluded all others"). None of the Defendants are a municipality, so *Monell* is wholly inapplicable.

Plaintiffs' claims based on the Denver Municipal Code should be dismissed with prejudice because there is no legal basis to proceed on these claims. *See Brereton*, 434 F.3d at 1219.

## IV.    Claim VIII: "Colorado CARES Act", HB23-1095, and HB23-1254

Plaintiffs' eighth claim is for "Violation of Colorado CARES Act (HB23-1095 and HB23-1254)," which Plaintiffs allege Defendants "violated . . . by engaging in retaliatory actions after habitability complaints were filed." ECF 115 at 8.

Defendants first argue that there is no "Colorado CARES Act," and Plaintiffs' claims are not cognizable under the federal Coronavirus Aid, Relief, and Economic Security Act of 2020 (CARES Act) because it expired on December 31, 2020. ECFs 118 at 10-11; 128 at 10-11.

---

[5] *See* Denver, Colo., Mun. Code § 27-31 – 27-44: Reserved (2026), https://library.municode.com/co/denver/codes/code_of_ordinances?nodeId=TITIIREMUCO_CH27HO_ARTIIHOCO_SS27-31--27-44RE.

However, Plaintiff does identify two bills in the FAC as the basis for an additional claim: HB23-1095 and HB23-1254. ECF 115 at 8. Defendants note that "HB23-1095 amended C.R.S. § 38-12-801, et seq. and added to the list of conditions that are prohibited in a lease." ECF 118 at 11; *see* ECF 128 at 11. Defendants contend that Plaintiffs have failed to identify any challenged lease provisions to state a claim under C.R.S. § 38-12-801. ECFs 118 at 11-12; 128 at 11. And HB23-1254 amended C.R.S. § 38-12-501, *et seq.*, which Defendants assert would be duplicative of Plaintiffs' sixth claim for "Breach of Warranty of Habitability (C.R.S. §§ 38-12-501 et seq.)." ECFs 118 at 12; 128 at 11-12.

Liberally construing this pro se Plaintiffs' claim, the Court considers it under the relevant statutes amended by HB23-1095, § 38-12-801, *et seq.*, and HB23-1254, § 38-12-503, *et seq. See Hall*, 935 F.2d at 1110; *Walters v. S&F Holdings LLC*, No. 14-cv-02006-REB-MJW, 2015 WL 4653147, at *2 (D. Colo. Aug. 6, 2015) ("the court is not bound by the formal designation given a claim by the plaintiff; the factual allegations are what matter.").

First, C.R.S. § 38-12-801(3) renders void and unenforceable written rental agreements that contain any provision prohibited by § 38-12-801(3)(a). As amended, these prohibitions include "[a] clause that assigns a penalty to a party stemming from an eviction notice or an eviction action that results from a violation of the rental agreement" and "[a] one-way, fee-shifting clause that awards attorney fees and court costs only to one party." C.R.S. § 38-12-801(3)(a); *see* HB23-1095 (Prohibited Provisions in Rental Agreements), http://leg.colorado.gov/bills/hb23-1095. While Plaintiffs reference "markup fees for third-party services" and allude to charges for services not completed in their Response to Defendant AMFP's Motion to Dismiss, ECF 131 at 3, the FAC makes no mention of provisions in Plaintiffs' written rental agreements that would be prohibited by § 38-12-801(3)(a). Because Plaintiffs have not provided any factual allegations in the FAC

13

identifying a challenged provision of their written rental agreement, they have failed to state a claim under § 38-12-801(3).

Plaintiffs' remaining basis is under § 38-12-503. Defendants correctly highlight that HB23-1254 amended § 38-12-501, *et seq.*, to "expand[] conditions covered under the warranty of habitability for residential premises to include damages due to an environmental public health event." *See* HB23-1254 (Habitability of Residential Premises), http://leg.colorado.gov/bills/hb23-1254; ECFs 118 at 12; 128 at 11-12. Additionally, the amendment "prohibits a landlord from retaliating against a tenant for making a good faith complaint about the conditions of the residential premises and provides conditions by which a tenant may terminate a lease if a habitability issue is not remediated." HB23-1254.

Defendants Asset Living and Martinez argue that Plaintiffs' claims under § 38-12-503 and § 38-12-509 are duplicative of other claims in the FAC. ECF 122 at 9. This Court agrees. As previously noted, Claim Six is for Breach of the Warranty of Habitability under §§ 38-12-501, *et seq.*, and Claim Seven is one of "Retaliation (C.R.S. §§ 38-12-509 et seq.)." *See* ECF 115 at 8. Claim Eight also references "retaliatory actions after habitability complaints were filed," which is facially duplicative of Claim Seven and relies on the same statute. This Court liberally construes Plaintiff's citation to HB23-1254 as referencing C.R.S. § 38-12-503, which would be duplicative of Claim Six. While Plaintiffs are entitled to plead alternative grounds for recovery, *see* Fed. R. Civ. P. 8(d)(2), "federal courts have dismissed claims pursuant to Fed. R. Civ. P. 12(b)(6) when those claims are duplicative of other claims in the suit." *Southwest re, Inc. v. G.B. Invs. Reinsurance Co.*, No. CIV 10-856 BB/WPL, 2011 WL 13114921, at *2 (D.N.M. June 17, 2011) (collecting cases). Claims are duplicative when they are "substantially the same" as other claims, or where there would not be any remedies under the duplicative theory unavailable from the other

theories. *Id.* (citations omitted). Whether to dismiss a duplicative claim is within the Court's discretion. *See Doe through Doe v. Brighton Sch. Dis. 27J*, 612 F. Supp. 3d 1205, 1219 (D. Colo. 2020) (quoting *Thouvenell v. City of Pittsburg, Kan.*, No. 2:18-cv-2113-JAR-KGG, 2018 WL 3068199 (D. Kan. June 21, 2018)), *as amended* (Mar. 2, 2020).

Because Plaintiffs do not advance any viable alternative theories under Claim Eight, and the factual bases for it appear to be indistinguishable from Claims Six and Seven, this Court finds Claim Eight is duplicative. Dismissing Claim Eight would not affect Plaintiffs' rights to proceed on their other claims. Without passing on the merits of Claims Six or Seven, which are not the subject of the present Motions, the Court finds dismissal of the duplicative Claim Eight without prejudice is appropriate to avoid any ambiguity going forward. *See Doe through Doe*, 612 F. Supp. 3d at 1219 (dismissing duplicative claim without prejudice because the Court could not exclude the possibility that the plaintiff intended to plead the duplicative claim as something different).

## CONCLUSION[6]

Based on these proposed findings, this Court **RECOMMENDS** that Defendants Asset Living, LLC's and Shanna Martinez's Partial Motion to Dismiss [ECF 118] and Defendant AMFP V Central Park LLC's Partial Motion to Dismiss [ECF 128] be **GRANTED**, and:

- Claims One (ADA) and Five (Denver Municipal Code) be **dismissed with prejudice** as to all Defendants.

- Claims Three (CCPA) and Eight be **dismissed without prejudice**.

This civil action should proceed only as to Claims Two (FHA); Four (CADA); Six (Breach of Warranty of Habitability, C.R. S. §§ 38-12-501, *et seq.*); and Seven (Retaliation under C.R.S. §§ 38-12-509, *et seq.*).

---

[6] Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the Magistrate Judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (holding that the district court's decision to review Magistrate Judge's recommendation *de novo* despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of Magistrate Judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal certain portions of Magistrate Judge's orders by failing to object to those portions); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).

The Clerk of Court is **DIRECTED** to mail a copy of this Recommendation to:

Daniel K. Miller
1950 Trenton Street #114
Denver, Colorado 80220

Elizabeth Wilhour
1950 Trenton Street #114
Denver, Colorado 80220

Sean Wilhour
1950 Trenton Street #114
Denver, Colorado 80220

DATED at Denver, Colorado, this 17th day of February, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge